1  JASON A. GELLER (SBN 168149)
   Email:  jgeller@fisherphillips.com
2  AARON D. LANGBERG (SBN 284975)
   Email:  alangberg@fisherphillips.com
3  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
4  San Francisco, California 94111-3712
   Telephone:  (415) 490-9000
5  Facsimile:   (415) 490-9001

6
   Attorneys for Defendant,
7  THE MILLENNIUM GROUP OF DELAWARE, INC.

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  RITA WILBORNE,<br><br>11         Plaintiff,<br><br>12   vs.<br><br>13  THE MILLENNIUM GROUP, INC.; THE<br>14  MILLENNIUM GROUP OF DELAWARE,<br>    INC. DBA TMG MAIL & SUPPORT<br>15  SERVICES, INC., DOES 1 - 100, and each<br>    of them, inclusive,<br>16<br>17         Defendants. | Case No:<br><br>**DEFENDANT'S NOTICE AND PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>[*Removed from Santa Clara County Superior Court Action No. 19CV360329*]<br><br>State Action filed: December 16, 2019<br>FAC Filed:        April 16, 2020<br>Removal Date:   June 12, 2020<br>Trial Date:       None set |

18

19           **TO PLAINTIFF AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

20           **PLEASE TAKE NOTICE** that Defendant THE MILLENNIUM GROUP OF

21  DELAWARE, INC. ("Defendant"), by and through its undersigned counsel, hereby submits this

22  Notice and Petition for Removal ("Notice") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to

23  remove this action from the Superior Court of the State of California in and for the County of

24  Santa Clara to the United States District Court for the Northern District of California. This

25  removal is based on the following grounds:

26  ///

27  ///

28  ///

**THE STATE COURT ACTION**

1. On December 16, 2019, Plaintiff RITA WILBORNE ("Plaintiff") commenced this action in the Superior Court of the State of California, County of Santa Clara, Case Number 19CV360329 (the "Complaint"). The Complaint alleges the following two causes of action:

   (1) Violation of California Labor Code §§ 1102.5 *et. seq.* (Whistleblower Statute); and

   (2) Wrongful Termination in Violation of Public Policy.

2. A copy of Plaintiff's Complaint, filed in the Superior Court of the State of California, County of Santa Clara is attached as **Exhibit 1** to the Declaration of Aaron Langberg ("Langberg Decl.") filed concurrently herewith.

3. Plaintiff's Complaint named one defendant, The Millennium Group, Inc.

4. On April 16, 2020, Plaintiff filed a request for dismissal of Defendant The Millennium Group, Inc. without prejudice and the dismissal was entered the same day. A copy of the dismissal is attached as **Exhibit 2** to the Langberg Decl.

5. Also on April 16, 2020, Plaintiff filed a First Amended Complaint ("FAC") adding Defendant The Millennium Group of Delaware, Inc. A copy of the FAC is attached as **Exhibit 3** to the Langberg Decl. The FAC is the operative complaint in this case. As a result of Plaintiff's filings on April 16, 2020, Plaintiff and Defendant are the only named parties in the action.

6. Defendant's registered agent for service of process received personal service of the FAC on May 13, 2020.

7. Defendant filed an Answer to Plaintiff's Complaint on June 12, 2020. A true and correct copy of the Answer is attached as **Exhibit 4** to the Langberg Decl. The Complaint, Dismissal, FAC, and Answer constitute all process, pleadings, and orders received by Defendant, and all process, pleadings and orders known by Defendant to exist in this action.

///

///

///

**BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP AND AMOUNT IN CONTROVERSY**

**I.   PLAINTIFF AND DEFENDANT ARE CITIZENS OF DIFFERENT STATES**

8.   Plaintiff and Defendant are citizens of different states; Plaintiff is a California citizen, and Defendant is a citizen of New Jersey and Delaware.

9.   Defendant was incorporated in Delaware and maintains its corporate headquarters and principal place of business in New Jersey. (*See* Declaration of Danielle Fitzgerald, at ¶¶ 2, 3.) The overwhelming majority of Defendant's officers are located in, and at all times relevant to this action have been located in, Tinton Falls and Piscataway, New Jersey, Defendant's two primary offices that contain leadership and back office support.  Specifically, Defendant's President and Chief Executive Officer, Chief Financial Officer, and Chief of Staff, all work out of Defendant's primary locations in New Jersey.  Nearly all high-level decisions about Defendant's business, such as its large-level operational decisions, strategic decisions, legal decisions, and investments are made from Defendant's headquarters in Tinton Falls, New Jersey. (Fitzgerald Decl. at ¶ 3.)

10.   The defendants designated Does 1 through 100 in Plaintiff's Complaint are fictitious defendants, and have not been served, to Defendant's knowledge. (*See* Complaint, ¶¶ 2, 3.) Un-served defendants need not join in the notice of removal. *See* Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

11.   To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. Kanter v. Warnter-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  Residence is prima facie evidence of domicile. Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir.1994); Marroquin v. Wells Fargo, LLC, No. 11CV163-L BLM, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011).  An existing domicile is presumed to continue. Mitchell v. United States, 88 U.S. 350,

353 (1875) ("[D]omicile, once acquired, is presumed to continue until it is shown to have been changed."); Mintzis v. Scott, No. 2:14-CV-01799-CAS, 2014 WL 3818104, at *5 (C.D. Cal. July 30, 2014); Bank One, Texas, N.A. v. Montle, 964 F.3d 281, 288 (3d Cir. 2006).  It is presumed that a natural person's residence is also his domicile, and a party resisting this presumption bears the burden of producing contrary evidence.  Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986).

12. Here, Plaintiff is a resident of the County of Stanislaus, California. (Complaint, ¶ 2.) Accordingly, Plaintiff is domiciled in and a citizen of the State of California. *See,* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).  As such, this action is between citizens of different states, specifically, California on one side and Delaware and New Jersey on the other.  This complete diversity of citizenship existed at the time Plaintiff filed the Complaint and it exists at the time of this removal.

## II.   THE AMOUNT IN CONTROVERSY IS GREATER THAN $75,000

13. In accordance with 28 U.S.C. § 1446(b), this Notice is filed with the United States District Court within thirty days after service upon Defendant of Plaintiff's FAC setting forth information from which it may first be ascertained that the case is one which is or has become removable.  Therefore, this notice of removal is timely filed. 28 U.S.C. § 1446(b)(3). (*See* Langberg Decl., at ¶ 6.)

14. Plaintiff seeks to recover an unspecified amount in attorneys' fees related to her causes of action pursuant to Cal. Code Civ. Proc. § 1021.5. (Complaint, ¶¶ 28, 39; Prayer ¶ 4.) "When attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible."  Parker-Williams v. Charles Tini & Associates, Inc., 53 F.Supp.3d 149, 153 (D.D.C. 2014).  In the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted).  Even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy here could be lower than $75,000 when the [attorneys'] fees are factored in along with compensatory and punitive damages." Parker-Williams, supra, 53 F.Supp.3d at 152.  In addition to attorneys' fees, Plaintiff also seeks punitive

damages. (Complaint, Prayer ¶ 6.) It is also more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

15. Plaintiff also alleges she suffered general damages, medical expenses, and loss of earnings (Complaint, Prayer ¶¶14-3.) At the time Plaintiff's employment with Defendant ended approximately one year ago, Plaintiff was earning a salary for approximately $102,000 per year. Should Plaintiff prevail on her causes of action and be awarded lost wages, her lost wages damages alone would exceed $75,000, assuming she has not obtained replacement employment and has properly mitigated.

16. Finally, Plaintiff seeks punitive damages. (Complaint, Prayer ¶ 6). If Plaintiff were to be awarded punitive damages, federal courts have noted that most punitive damage verdicts against larger corporations are substantial. Richmond v. Allstate Ins. Co., 897 F. Supp. at 450-51. When one assumes, as is mandated in this analysis, that Plaintiff will prevail on all of the causes of action, and that the jury would award punitive damages, it is hard to imagine that punitive damages alone would be less than $75,000.

17. Accordingly, the amount in controversy is greater than $75,000.

**VENUE**

18. Removal of a case to federal court is governed in part by 28 U.S.C § 1441, which generally allows removal of "any civil action brought in a State court of which the District Courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

19. Pursuant to 28 U.S.C. § 1332, the United States District Court for the Northern District of California has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Santa Clara County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441. *See also* L.R. 120(d).

20. Proof of Service of the Notice to the Superior Court Clerk of Removal to Federal Court and of the Notice to Adverse Party of Removal to Federal Court will be filed with this Court immediately. (Langberg Decl., ¶ 7.)

///

21.     This action is now pending in Superior Court of the State of California, County of Santa Clara, and thus may be properly removed to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84(b) and 1441(a).

22.     Promptly after filing of this Notice of Removal, Defendant will file in the Superior Court of the State of California, County of Santa Clara, its Notice to Adverse Party of Removal of Action from State Court to Federal Court ("Notice to Adverse Party"), with a copy of this Notice of Removal attached thereto.  A copy of Defendant's Notice to Adverse Party is attached as **Exhibit 5** to the Declaration of Aaron Langberg.  Further, Defendant has sent a copy of this Notice of Removal to Plaintiff, and will promptly send to Plaintiff a copy of Defendant's Notice to Adverse Party.

## INTRA-DISTRICT ASSIGNMENT

23.     Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in the United States District Court for the Northern District of California, because a substantial part of the alleged events giving rise to the claims in this lawsuit occurred in the County of Santa Clara, and this is an action arising in the County of Santa Clara, State of California.

24.     This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## NOTICE

25.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice is being filed with the Clerk of the Superior Court of the State of California, County of Santa Clara and concurrently served upon Plaintiff.

26.     In filing this Notice, Defendant does not waive any available defenses.

///
///
///
///
///
///

1     **WHEREFORE,** Defendant prays that this action be removed to this Court, that this
2 Court accept jurisdiction of this action, and that this action be placed on the docket of this Court
3 for further proceedings, the same as though this action had originally been instituted in this Court.

                            Respectfully submitted,

                            FISHER & PHILLIPS LLP

Dated: June 12, 2020          By:    */s/ Aaron D. Langberg*
                             JASON A. GELLER
                             AARON D. LANGBERG
                             Attorneys for Defendant
                             THE MILLENNIUM GROUP OF DELAWARE, INC.