# EXHIBIT 1

E-FILED
12/16/2019 1:50 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
19CV360329
Reviewed By: Yuet Lai

Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA-UNLIMITED JURISDICTION**

| | |
|---|---|
| **RITA WILBORNE,** | CASE NO.: 19CV360329 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |
| v. | (1) **VIOLATION OF CALIFORNIA LABOR CODE §§1102.5 ET. SEQ. (Whistleblower Statute);** |
| **THE MILLENNIUM GROUP, INC.;** DOES 1-100, and each of them, inclusive. | (2) **RETALIATION AND WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| Defendants. | |

Plaintiff, RITA WILBORNE, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

**INTRODUCTION**

1. Plaintiff is informed and believes and based thereon allege that Defendant THE MILLENNIUM GROUP, INC. ("Defendant") is a New Jersey corporation, with a principal place of business in San Jose, California. Plaintiff is informed and believes and thereon alleges that Defendant, at all times herein mentioned, is and was doing business in the County of Santa Clara, State of California.

2. Plaintiff RITA WILBORNE is, and at relevant times herein was, a resident of the County of Stanislaus, California.

1

3.	Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

4.	Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names. Plaintiff prays for leave to amend this Complaint when the true names and capacities of said Doe Defendants become known to Plaintiff. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein, and proximately caused Plaintiff, as well as members of the general public, damages as more specifically identified below.

5.	At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and, furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

6.	Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with, each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

7.	At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

8.	Plaintiff is further informed and believes and based thereon alleges, at all times herein material, each of the Defendants were completely dominated and controlled by its Co-

Defendants, and each was the alter ego of the other. Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employments.

9. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## FACTUAL ALLEGATIONS

10. For all times hereinmentioned, Plaintiff was employed by Defendants, and each of them.

11. Throughout her employment with Defendant, Plaintiff personally witnessed multiple improprieties and potential illegalities and violation of the California Labor Laws being committed by superior and inferior employees at Defendant, with regards to payroll and overtime violations.

12. On or about March 25, 2019, Plaintiff reported violations of California Labor laws regarding payroll and overtime violations. As operations manager, Plaintiff was aware that Defendant was removing employees' overtime hours and manually changing employees' time stamps. Plaintiff reported her concerns to Merrick Colson, the senior managing director and one of Plaintiff's supervisors.

13. Days after Plaintiff made her complaints, Defendant began a pattern of retaliation

3

---

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

against Plaintiff, including giving her menial, entry level tasks, that even her subordinates were not required to do.

14. On or about March 29, 2019, Plaintiff complained to Human Resources about being subjected to retaliation as a result of the legally protected complaints she made about the payroll and labor code violations.

15. Approximately two months later, Plaintiff was terminated for false and pretextual reasons, and asked to sign a release agreement at the time of her termination.

## FIRST CAUSE OF ACTION:

## FOR VIOLATION OF LABOR CODE §1102.5 (WHISTLEBLOWER STATUTE)

### -By Plaintiff Against All Defendants-.

16. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein

17. Prior to and including March 25, 2019, and continuing, Plaintiff made complaints and/or disclosures to Defendants, and each of them, that Defendant was manipulating timecards, committing payroll and labor code violations with respect to accurate timecards and overtime pay requirements.

18. Prior to and including March 25, 2019, and continuing, Plaintiff had reasonable cause to make, and made, complaints, and/or disclosed information to employees, managers, supervisors and managing agents of Defendants, and each of them, of potential and/or actual compliance issues and/or violations of State and/or Federal labor and employment and other laws including, but not limited to, California Labor Code §§204, 226, and others, which prohibit time card falsification and non-payment of overtime hours worked by employees.

19. Defendants, and each of them, believed that Plaintiff did or might disclose information to a law enforcement or government agency, or to a person with authority over Plaintiff or another employee who has the authority to investigate, discover, or correct the

4

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

violation or noncompliance, or would provide information to, or testify before, any public body conducting an investigation, hearing, or inquiry.

20. In retaliation for Plaintiff's disclosures to the Defendants that they were in violation of the aforementioned laws, as herein alleged, Defendants, and each of them, instead constructively terminated Plaintiff in violation of California Labor Code §1102.5. When Plaintiff was constructively terminated, Plaintiff's complaints of violations of State and/or Federal law was a contributing factor and/or reason in Plaintiff's termination.

21. By the acts herein alleged and in violation of California Labor Code §1102.5, Defendants, and each of them made, adopted, and enforced rules, regulations, and policies preventing Plaintiff from disclosing information to government and law enforcement agencies, where Plaintiff had reasonable cause to believe that Plaintiff's employer, Defendants, were violating unsafe workplace and unsafe workplace condition laws. By the aforesaid acts and conduct of Defendants, and each of them, has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which plaintiff will seek leave of court to amend when ascertained.

22. As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and

5

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

23. As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

24. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that he will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

25. As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

26. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

27. The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

28. As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code Of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION:
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### [Violation of Cal. Lab. Code §1102.5]
### -By Plaintiff Against All Defendants-

29. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Labor Code §1102.5, was to prohibit employers from discriminating against, retaliating against and terminating any individual on the grounds of their complaining of unlawful activity [i.e. violations of California Labor Code §§204, 226, and others] or refusing to commit an unlawful act. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating, harassing and retaliating and terminating Plaintiff on the grounds alleged and described herein were wrongful

and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Labor Code §1102.5 et seq., and the laws and regulations promulgated thereunder.

31.     This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating, harassing and retaliating and terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Labor Code §1102.5 et seq., and the laws and regulations promulgated thereunder.

32.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code §3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of court to amend when ascertained.

33.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

34. As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

35. Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained. Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

36. As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries is presently unknown to plaintiff, who will pray leave of court to assert the same when they are ascertained.

37. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

38. The aforementioned acts of Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and with the express knowledge, consent,

and ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

39. As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for themselves and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For general damages in an amount within the jurisdictional limits of this Court;
2. For medical expenses and related items of expense, according to proof;
3. For loss of earnings, according to proof;
4. For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;
5. For prejudgment interest according to proof;
6. For punitive and exemplary damages, according to proof;
7. For costs of suit incurred herein; and
8. For such other and further relief as the court may deem just and proper.

Plaintiff hereby demands a trial by jury.

Dated: December 16, 2019                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.

                                            By: _____
                                                TODD M. FRIEDMAN, ESQ.
                                                Attorneys for Plaintiff

PLAINTIFF'S COMPLAINT FOR DAMAGES